David D. Hagstrom, Esq. Town Attorney, Poughkeepsie
You have asked whether there is a prohibited conflict of interest if one person serves simultaneously as the coordinator of the county STOP DWI Program and as a sergeant in the police force of a town in that county.
Article 43-A of the Vehicle and Traffic Law authorizes and defines the "special traffic options program for driving while intoxicated" (hereafter "STOP DWI Program"; id., § 1678). Once a county has established a STOP DWI Program, it receives fines and forfeitures collected within that county for violations of sections 1192 and 511(2) of the Vehicle and Traffic Law to be used to support the program (id.,
§§ 1678-a[1], 1803[9]). Section 1192 establishes the penalties for operation of a motor vehicle while one's ability is impaired by the consumption of alcohol or drugs and section 511(2) penalizes persons for operating a motor vehicle during the time when his license has been suspended or revoked either for refusing to submit to a chemical test or on account of a violation of section 1192.
The STOP DWI Program is to be organized by a "coordinator" designated as provided by law (id., § 1678-b[1]). The duties of the coordinator are specified by law. He must render annually or at the request of the county legislative body a verified account of all money received and expended by him or under his direction (id., § 1678-d[1][a]) Annually, he makes a report to the Commissioner of the Department of Motor Vehicles assessing the effectiveness of the STOP DWI Program within the geographic area of the county participating in the Program and indicating the number of arrests in such area for violations of sections 1192 and 511(2) of the Vehicle and Traffic Law and the disposition of such charges (id., § 1678-d[1][c], [2][a]).
Additionally, the coordinator is required by law to perform several functions. He receives proposals from counties, towns, cities, villages or other non-governmental groups for activities encouraging traffic safety and submits them to the county legislative body together with a recommendation as to whether funding with STOP DWI Program funds is appropriate (id., § 1678-e[2]). Also, he must cooperate with and assist local officials within the county in the formulation and execution of alcohol traffic safety programs including enforcement, adjudication, rehabilitation and education (id., § 1678-e[3]) and study alcohol traffic safety problems within the county and recommend to local governments therein changes in rules, orders, regulations and laws as he determines advisable (id., § 1678-e[4]).
Dutchess County has contracted with the subject individual for services as the coordinator of the county STOP DWI Program (December 3, 1984 contract). You have informed us that the Town of Poughkeepsie contracts with Dutchess County to receive funding under the county's STOP DWI Program. The Dutchess County attorney's office has provided us with the scope of services provided by the Town of Poughkeepsie under this contract. It requires that the town assign patrols in addition to regular police coverage to carry out the intent of the STOP DWI Program with specific emphasis on locations statistically high in alcohol-related accidents and previous DWI arrests; provide the county with access to employee time records and provide such documentation as is required to establish hours qualifying for reimbursement with county STOP DWI Program funds; provide the coordinator with monthly reports of arrests and dispositions of all DWI and related cases; and assign additional police personnel to enforce curfews relating to alcoholic beverage control. Thus, funds received by the town under this contract compensate the town police department for work furthering program purposes in addition to normal department duties (Vehicle and Traffic Law, § 1678-e[2]).
Public officials have the responsibility to exercise their official functions and duties solely in the public interest (Informal Opinion No.85-22). They should avoid circumstances which compromise their abilities to make impartial judgments (ibid.). Even the appearance of impropriety should be avoided in order to maintain public confidence in government.
As we have indicated, under State law the coordinator receives proposals from other local governments for funding under the county's STOP DWI Program and presents them to the legislative body with his recommendation as to whether funding is appropriate (id., § 1678-e[2]). It is apparent that his responsibility is to evaluate proposals on their merits so that limited funds can be utilized most effectively to achieve Program purposes thereby improving highway safety. The coordinator, however, as a sergeant in the town police department, may have divided loyalties preventing him from impartially evaluating that town's application for funding. The town police department will be a direct beneficiary of funding under the county STOP DWI Program. While the county legislative body makes the final decision, the law directs the coordinator to make a recommendation, which must be made impartially. Even if the individual can objectively carry out this responsibility, in our view these circumstances give rise to an appearance of impropriety.
The coordinator has responsibility to cooperate with and assist officials of local governments within the county in the formulation and execution of alcohol traffic safety programs and to study alcohol traffic safety problems within the county and make recommendations to local legislative bodies as to changes in rules and regulations (id., § 1678-e[3][4]). As a town police officer, divided loyalties may prevent impartial assistance and evaluations. More specifically, the coordinator may be reluctant to criticize the town's police department and his superiors who establish policy for the department. Similarly, divided loyalties may affect the coordinator's responsibility to report impartially to the Commissioner of Motor Vehicles concerning the effectiveness of the STOP DWI Program in the town which he serves as a police officer (id., § 1678-d[1][c]). Indeed, the performance of the town police department necessarily must be reviewed by the coordinator in this report. Once again, at least an appearance of impropriety would, in our view, be present under these circumstances.
We conclude that a conflict of interest occurs when the coordinator of a county STOP DWI Program also serves as a police officer on the police force of a participating town in that county.